IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DANIEL GLASS                                                    PETITIONER


v.                          Case No. 5:05CV00035 GH/JFF


LARRY NORRIS, Director,
Arkansas Department of
Correction                                                     RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States

District Court Judge George Howard, Jr.  Any party may serve and file written

objections to this recommendation. Objections should be specific and should include

the factual or legal basis for the objection.  If the objection is to a factual finding,

specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the

findings and recommendations. The copy will be furnished to the opposing party.

Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325


**DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.

On May 7, 2001, Petitioner plead guilty in Miller County Circuit Court to aggravated robbery. He was sentenced as an habitual offender to twenty years imprisonment in the Arkansas Department of Correction. The judgment and commitment order was filed on May 30, 2001. Because Petitioner plead guilty, he could not file a direct appeal from his conviction or sentence. Ark. R. App. P.--Crim 1(a). According to Petitioner, he filed a Rule 37 petition in circuit court on October 30, 2004, alleging that counsel was ineffective. The circuit court's docket sheet reflects that Petitioner tendered a Rule 37 petition to the circuit judge and prosecutor on November 8, 2004. The circuit court has not ruled on the petition. According to Petitioner, he filed Petitioner a petition for writ of mandamus in circuit court on December 6, 2004, in an attempt "to get the Court to respond." The court's docket sheets reflects that the petition was filed on December 16, 2004. The circuit court has not ruled on the petition.

On February 1, 2005, Petitioner filed his § 2254 petition in this Court. He alleges the following grounds for relief:

> 1.      Counsel was ineffective for failing to file a motion for discovery and motion to suppress evidence;
>
> 2.      Counsel was ineffective for failing to raise any issues on behalf of Petitioner for a proper defense and to perform any kind of investigation in preparation for a proper defense;
>
> 3.      Petitioner's guilty plea was not knowing and intelligent because his counsel and the prosecutor threatened him that if he did not "enter a plea for the twenty years," the prosecutor would make sure that he received the maximum sentence of forty years to life; and
>
> 4.      Petitioner's sentence violates the United States Constitution.

Respondent has filed a motion to dismiss Petitioner's habeas corpus petition (docket entry # 4) asserting that the petition is barred by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). The AEDPA provides in pertinent part that a prisoner must file a petition for habeas corpus relief within one year of when the prisoner's state court judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Where a defendant pleads guilty, his conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) on the date the judgment was filed. Thompson v. Norris, No. 4:03CV00804 GH/JFF, recommended disposition at 4 (E.D. Ark. Oct. 15, 2004), adopted by order of district court (November 5, 2004); Martin v. Jackson, 152 F.Supp. 2d 1114, 1118 (N.D. Ind. 2001), aff'd, 298 F.3d 669 (7th Cir. 2002). The judgment and commitment order on Petitioner's conviction for aggravated robbery was filed on May 30, 2001. Accordingly, the filing deadline for Petitioner's habeas petition was May 30, 2002,[1] unless the one-year period of limitation was tolled.

The AEDPA contains a tolling provision which provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). "A 'properly filed' application is one that meets all the state's procedural requirements." Beery v. Ault, 312 F.3d 948, 950-51 (8th Cir. 2002), cert. denied, 539 U.S. 933 (2003). The limitations period is not tolled during the pendency

---

[1]   The filing deadline falls on the anniversary date of the triggering event. Wright v. Norris, 299 F.3d 926, 927 n. 2 (8th Cir. 2002).

of state post-conviction proceedings commenced after the limitations period has already expired.  Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999); Gray v. Gammon, 283 F.3d 917, 918 (8th Cir.), cert. denied, 537 U.S. 901 (2002); Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir.), cert. denied, 540 U.S. 971 (2003).  Petitioner filed his Rule 37 petition and petition for writ of mandamus in circuit court after the expiration of the statute of limitations on May 30, 2002.  Accordingly, no time is excludable under § 2244(d)(2).

Equitable tolling may provide an individual relief from the AEDPA's  statute of limitations. "However, equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). "'Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, 125 S. Ct. 1807, 1814 (2005). The Eighth Circuit has held that equitable tolling is appropriate only when "extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time," Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001), "the State prevents the prisoner from taking more timely action," Beery, 312 F.3d at 951, or the Respondent has lulled the Petitioner into inaction, Kruetzer, 231 F.3d at 463.  Lack of understanding of the law does not amount to an extraordinary circumstance beyond a prisoner's control. Cross-Bey, 322 F.3d at 1016.

The Magistrate Judge finds that Petitioner has not alleged any extraordinary circumstances beyond his control that made it impossible for him to file his § 2254 petition on time. Furthermore, he has not alleged any facts demonstrating that the State prevented him from taking more timely action or that the Respondent lulled him into inaction. Accordingly, equitable tolling is not appropriate in this case.

The filing deadline for Petitioner's habeas petition was May 30, 2002. A *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court. Nichols, 172 F.3d at 1077. Petitioner tendered his habeas petition to prison authorities for mailing on or about January 27, 2005. Accordingly, his petition was not timely filed under § 2244(d)(1), and the Magistrate Judge recommends that the petition be dismissed with prejudice.

THEREFORE, the Magistrate Judge recommends that the Respondent's motion to dismiss be granted and that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1).

Dated this 18th day of July, 2005.

UNITED STATES MAGISTRATE JUDGE